Richards W. Hannah, J.
Petitioner (former wife) seeks to enforce against her former husband an order of the Supreme Court confirming the consent award of an arbitrator rendered pursuant to an arbitration clause in a separation agreement. The issue presented is whether the jurisdiction of the Family Court includes such power.
The facts are that the parties executed a separation agreement on June 30, 1970, which was incorporated in a Mexican *686 decree of divorce, dated August 8, 1970. The separation agreement set forth that the husband shall pay a certain sum to the wife for her support, that the husband shall have custody of the three children with certain visitation rights granted to the wife and that all claims or disputes arising out of or in connection with any provisions of the agreement shall be arbitrated under the rules of the American Arbitration Association and that the award shall be binding and conclusive on the parties and shall be entered in the highest court of the forum having jurisdiction.
It appears that on March 5, 1971 the parties submitted to arbitration the following issues: (1) the amount of the agreed payment to the wife and (2) all questions regarding the terms of custody and visitation. On June 24, 1971 the arbitrator rendered a consent award, which continued the custody of the children with the father and amended the original separation agreement so that the said custody would continue until June 15,1973 and also modified the visitation terms. The award also provided for the payment of $1,500 of arrears in a certain manner and additionally reduced the agreed amount for the wife from $75 weekly to $60 weekly until June 14, 1973.
Petitioner now seeks an enforcement of the Supreme Court order confirming the award alleging that the respondent has not paid the weekly support and that she has not been allowed to exercise visitation with her children.
The powers of the Family Court are set forth in the New York State Constitution (art. VI, § 13) and the Family Court is not given the power to enforce arbitration awards.
Moreover, in neither section 461 nor 466 of the Family Court Act have new classes of action been created by the Legislature empowering the Family Court to enforce arbitration awards.
Furthermore, even if this court possesses such power, the pertinent sections of the act made the assuming of such petitions discretionary. The court would hesitate to subject a party to an arbitration agreement to the penalties which the court may impose for a disobedience of its order: namely, a term in a penal institution.
Under section 19 of article VI of the New York State Constitution, this court has the power to transfer to the Supreme Court any action or proceeding which has not been transferred to it from said courts (Supreme, Surrogates, County or Courts of the City of New York) and over which the Family Court has no jurisdiction. Therefore, this petition is transferred to the Supreme Court, County of Kings for such proceedings as the court may deem proper.